CHARLES WEIGEL, PLAINTIFF-APPELLANT, v. HENRY
WEIGEL, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided October 2, 1936.

For the appellant, *Henry M. Hartmann*.

For the respondent, *Harvey T. Satterthwaite*.

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the
Supreme Court in favor of the defendant entered on the ver-
dict of a jury after a trial held at the Mercer Circuit. It
appears that the parties involved are brothers, who prior to
the spring of 1933, had conducted a dairy business in Prince-
ton under the name of Rockwood Dairy, Incorporated. The
present suit was instituted to recover on a promissory note
made by the defendant to the plaintiff dated November 1st,
1928, for $2,000.

The defense offered was that when the note was given, the
plaintiff had entered into a contract to purchase certain real
estate, and as he did not desire, for business reasons, to take
title in his own name, had the contract assigned to the defend-
ant. Sometime after this transaction took place, the plain-
tiff requested the defendant to execute the note in question
so that the plaintiff would be protected in the event that for
any reason the property, or his interest therein, was not
reconveyed when requested. The property was transferred
back to the plaintiff in January, 1932, but he failed to return

the note, stating it had been lost, and in its place and stead, gave the defendant a receipt which reads:

"January 16th, 1933.
This will certify that a certain note of $2,000/xx has this day been canceled the object to this kind of a receipt is due to the fact that this note cannot be found & if found is void.
CHARLES WEIGEL."

The defendant also submitted proof to show that he had disposed of his interest in the Rockwood Dairy, Incorporated, in the early spring of 1933, for which he was paid the sum of $8,000, and at the time, a document entitled "Memorandum of Final Adjustment" was executed by both brothers and the corporation, which reads, in part, as follows:

"It is further provided between all the parties hereto that there are no other charges or credits between the parties hereto except as set forth therein or in other written agreements signed this day."

The proof shows that no reference to the note under consideration was contained in any of the schedules or agreements, relating to the sale of the defendant's interest in the dairy, nor did the plaintiff make any demand on the defendant for the payment of the note at the time the defendant received his money for said interest.

The plaintiff when answering this defense, admitted the note and property transaction as stated by the defendant and also that he had signed the receipt indicating the cancellation and loss of the note. He claimed, however, that the defendant had given him at different times, two notes, each for $2,000, and the note upon which the present claim is based, related to an entirely different matter than the one referred to by defendant, in that it represented money which the defendant had drawn from the dairy business in excess of what plaintiff had received as of November 1st, 1928. He further testified that the defendant on several occasions, had acknowledged his indebtedness as expressed by the terms of the note, and promised it would be paid as soon as he had sufficient funds. The plaintiff further testified the note item

was not contained in the schedule or agreements relating to the sale of the defendant's interest in the dairy business, by reason of the fact that it did not appear upon the records of the company. He also stated that no mention was made of the present note, at the time the defendant received payment for his interest, because he thought the defendant would need the money to start a new business.

The plaintiff urges a reversal on the grounds that the trial court erred in refusing to grant the plaintiff's motion for a directed verdict and also in admitting in evidence the receipt for the canceled note as well as the agreement and certain testimony relating to the sale of the defendant's interest in the dairy business. We think that the exhibits and testimony were material to support the defense that the note sued upon had been paid and canceled.

The question involved is solely a factual one, and there was testimony to substantiate both contentions. This being so, the question of fact thus raised was properly submitted to the jury for its determination. The trial court should not direct the verdict when there is sufficient evidence to support a finding for either party, which is the situation in the present case, and the mere fact that a different conclusion than that arrived at by the jury could be drawn from the testimony, does not warrant this court in disturbing the verdict.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.